and Exchange Commission. The next case on our calendar for oral argument this morning is No. 21-529, Hong v. United States Securities and Exchange Commission. Mr. Brown? Good morning, Your Honors. May it please the Court, Paul K. Brown and my co-counsel, Richard Korenthal, for Petitioner Victor Hong. This petition concerns the statutory interpretation of the term, action, within- Excuse me. I'm going to interrupt for just a second. I get it. So your co-counsel, I think it's a little easier for us on Zoom to focus on the person who's arguing if your co-counsel blacks out his video. Thank you. May I proceed? Yeah. Please, please begin. Thank you, Your Honor. This petition concerns the statutory interpretation of the term, action, within Dodd-Frank's whistleblower incentive provisions. Dodd-Frank was enacted in the wake of the 2008 financial crisis in order to assist the Commission in helping identify securities law violations. It contains a whistleblower incentive program, and a part of that whistleblower incentive program is a mandatory minimum amount of an award that eligible whistleblowers can obtain for supplying original information to the Commission that results in successful enforcement. I have to interrupt even right now. You say this concerns the proper interpretation of the word, action, but the statute that creates a right to recovery in a whistleblower defines a covered action as meaning an action brought by the Commission under the security laws that results in monetary sanctions exceeding a million dollars. You're kind of overlooking the phrase that seems to me pivotal, which is that the action must be brought by the Commission. Isn't that the full definition of what kind of proceeding that is successful brought by the Commission that can result in a whistleblower award? Thank you, Judge Carney. The element of the provision brought by the Commission includes, I mean, Petitioner concedes that an action has to be brought by Commission in order for there to be a related action for which to relate to. That's clear in the statutory framework, however, to have an action brought by the Commission can encompass things that are short of a judicial or administrative proceeding. There does not have to be a single caption judicial or administrative proceeding. But what was there here that was brought by the Commission? Here there is no record about exactly precisely what the Commission did. We know the Commission did something. The Petitioner submitted his whistleblower tip to the Commission. The Commission did not bring a formal action, isn't that correct? The Commission itself did not, correct? Yes, Your Honor. I believe that's correct. Petitioner is not aware of any formal judicial or administrative proceeding brought by the Commission. The SEC itself agrees that such a proceeding is not a requirement under the statute. The SEC agrees that something short of that can fall under the statutory definition of whistleblower eligible for an award. The Commission is essentially the fundamental flaw in the order under review is that the Commission is trying to categorize its actions without identifying what they are. The Commission agrees that something short of a judicial or administrative proceeding can fall within the statutory term action, Commission covered action. However, we still don't know sitting here today what action the Commission took. We know that the Commission necessarily took some action because what we have is we have a whistleblower submitting the tip, the whistleblower information to the Commission. Following that submission to the Commission, Petitioner was contacted by the Federal Housing Finance Authority and later by the DOJ based on the information submitted to the Commission. So we know that the Commission took some action. We don't know precisely the scope of that. We don't know precisely the scope of the action. You're saying an action could include just sharing information with another agency. Is that right? Yes, we believe that a Commission covered action consistent with the SEC's interpretation of the relevant provisions of Dodd-Frank could consist of coordinated enforcement, including sharing information, referrals, et cetera, to aid another agency in another enforcement agency in collecting successful and successfully recovering sanctions on behalf of the federal government. Well, let me ask another question. The statute seems to envision that if an action is brought by the Commission and results in this special fund, the Securities and Exchange Commission Investor Protection Fund, which I understand did not happen in this case, but it's from that fund that the Commission then has the money to pay a whistleblower award. Is that your understanding of how the statute works? Respectfully, no, Your Honor. There's no requirement that the funds obtained in a covered action be allocated to the SEC's fund, and that's because the statute specifically envisions recovery for related actions, and those funds would not be deposited in the SEC whistleblower fund. So the Commission has, the statute has an overarching framework that allows for Commission covered actions and related actions. Congress intended that whistleblowers could recover... Related actions still have to relate to a Commission brought action, and so we still have the question of what was the Commission brought action here. That's precisely correct, Your Honor, because we still do not know the scope of the Commission's actions with respect to Petitioner Victor Hong's whistleblower information. We know that he submitted his tip to the Commission, and then something happened. It's never been disclosed. The Commission has identified it as not a covered action, but we know that there was something that occurred in between Petitioner Victor Hong submitting his whistleblower tip to the Commission and being contacted by these various enforcement agencies, and the further submission of whistleblower evidence, including meetings with the DOJ in Boston, Massachusetts, and the amendment of his original tip with the Commission at the direction of the DOJ, all part of a coordinated enforcement effort, which eventually resulted in monetary sanctions of $4.9 billion in the DOJ settlement with World Bank of Scotland. Mr. Brockett, can I ask, I'm afraid we're going to run out of time before I get to ask you, the word that I'm having the hardest time with in the statute is actually the word brought, and what I'm trying to figure out is typically action next to bring or brought does connote some sort of proceeding, and I understand that the SEC itself has said no, it's a broader concept, and it's in its regs, it's taken a broader view, but to hear your argument, your argument would make great sense if it said action undertaken by the Commission or performed by the Commission. How does conveying information and even collaborating in a proceeding by another agency  Thank you, Judge Robinson. So I believe the SEC actually put it best when it, in rulemaking, when it described that whistleblowers should not be disadvantaged by the specific procedural vehicle that the Commission and other enforcement agencies elect to pursue. So the Commission could have accepted with petitioners information and not anything with it, and the implication is that potentially the adverse effects from submitting confidential tip to the Commission wouldn't be as large. Congress has recognized that, and the Supreme Court has recognized that people who come forward with significant whistleblower information often face enormous risks and are essentially committing, in the Supreme Court's terms, a career suicide. So if petitioner would have just submitted his tip to the Commission, and the Commission did nothing with it, there would be no Commission action. Here what we have is petitioner submitted his tip to the Commission, and the Commission did something with it, and the federal government eventually, based on the specific whistleblower information provided by Mr. Hong, obtained billions of dollars in sanctions. And the specific securities that petitioner blew the whistle on are listed in the DOJ settlement, and there's a from petitioner's initial submission to the Commission and that DOJ settlement. Do we owe the SEC any deference in its interpretation of what's a somewhat ambiguous statute? Your Honor, I believe there is deference owed to the Commission. I believe that the placed on the Commission's interpretation during rulemaking, where it described that first, under step one of Chevron, that it should be, that it's sufficiently ambiguous, the term action is sufficiently ambiguous to extend beyond formal judicial administrative proceedings, and employed his expertise to describe the intent of the statutory language in Dodd-Frank that says that otherwise meritorious whistleblower should not be disadvantaged by the specific procedural vehicle used. Petitioner submits that that interpretation of the statutory language should be given deference as compared to the ad hoc determination made by the Commission in the face of petitioner's whistleblower application, where the SEC has conveniently just described it not in action, not going to disclose what it is, but is essentially just saying no, we're not going to tell you what we did. We did something, we're going to categorize it as not in action, and you don't get to see what it is, and you don't get to, and you don't get to have judicial review over whether it falls within the statutory term. Thank you very much. You've reserved a minute of rebuttal. We'll hear from the Commission. Mr. Ferguson. Good morning, Your Honors. My name is Matthew Ferguson, Counselor for the Respondent, Securities and Exchange Commission. The SEC can only make an award to a whistleblower where there's a covered action, a successful judicial or administrative action brought by the Commission. Mr. Huang has never alleged a covered action, and the SEC is not aware of it. When Congress created the SEC's whistleblower program in 2010 with the Dodd-Frank Wall Street Reform and Consumer Protection Act, it said, as codified in 21 SB1 of the Securities Exchange Act of 1934, that the SEC may only pay an award, quote, in any covered judicial or administrative action to a whistleblower who provided original information to the Commission that led to the 21 SA1 of the Exchange Act. Congress defined that term, covered judicial or administrative action, to mean, quote, any judicial or administrative action brought by the Commission under the securities law that results in monetary sanctions exceeding $1 million, end quote. Here, the Commission did not break any judicial or administrative action. But, Counsel, I mean, the Commission itself in its rulemaking has severed the definition of covered action from a formal proceeding. The fact that they didn't initiate a formal administrative or judicial proceeding by the Commission's own rulemaking doesn't exclude things that don't involve formal proceedings and does include non-prosecution agreement, deferred prosecution, or a similar settlement agreement entered in by the Commission. Once you've severed the meaning of covered action from a formal proceeding, why is it not arbitrary to draw the line to include Commission settlements that don't involve formal proceedings but not to include settlements facilitated by the Commission's actions that are consummated by another agency? That rulemaking was a very narrow revision to the definition of an administrative action to recognize, particularly in the context of DOJ non-prosecution, deferred prosecution actions, that there are some things where there is a very limited use of a procedural vehicle that would usually reach a court hearing, a deferred prosecution agreement, or a non-prosecution agreement. That's a very kind of narrow exception where something is done specifically kind of in exception to a proceeding. This is not something that is typically done actually by the Commission. What the Commission traditionally does is it actually brings a case and settles it simultaneously. So what this was primarily intended to do was reflect that sometimes the vehicle used mainly by the DOJ is not a traditionally captioned case. Right, now I understand what the Commission did there and why it sought to enact a very narrow exception. I'm really pressing on the implications of what it did and the implications of what it did is it said the statutory language is ambiguous as to the meaning of action. They would have used proceeding if they really meant formal proceedings. They used action so they must have contemplated something broader. Even though they wanted to crack, I guess my question is how can you, once you sever the meaning, once you say it's ambiguous and we're into the land of construing it and you have to construe it consistent with congressional intent, how do you get such a narrow opening of the door? In this case, Your Honor, it's a very narrow narrowly drawn exception, right? So we're not actually defining just necessarily action. We have to be talking about the concept of covered action. So this idea of a judicial or administrative action brought by the Commission, right? Or in the instance of related action by another agency, right? In this case, it's a very very narrow exception to apply to very unique circumstances in those NDAs and deferred prosecution grants, right? It is not an instance where we are saying any action, any deed taken by the Commission, right? So it's very narrowly drawn for these unique circumstances. And what was it, what is the statutory language that or what is the interpretation of the statute that allows the SEC to say even though it says covered action means actions brought by the Commission, it also is going to include these things where actions are never brought. It's because there's some ambiguity, not necessarily a judicial action, but an administrative action, right? Right, right. Let me go ahead. No, that's right. Let me ask you this. Let's suppose, you know, a whistleblower walks into the SEC with 10 boxes of documents. The SEC looks at these documents and says, you know, oh my gosh, we see evidence on these emails and records and so forth of substantial criminality. And let's walk these boxes down to DOJ so they could prosecute these folks criminally. That takes place with SEC personnel sitting, you know, next to DOJ personnel at, during the review of the documents, during the pretrial, the trial and so forth and results in a substantial monetarism. So it's the SEC's position that the whistleblower takes nothing because the enforcement action was brought by the DOJ instead of by the Commission. Well, the way Congress wrote the statute, Your Honor, that's correct. The Commission has to bring a judicial administrative action. So whistleblowers out of lock and no circuits in that hypothetical? So yes, if the whistleblower comes to us and we, pursuant to this statute that gives us the authority to do so, share that information with another agency and that agency takes action, but we take no action, the Congress, as it wrote our whistleblower program, would not permit us to do a whistleblower. Am I right that you would not, that my general understanding, but please correct me if I'm wrong, is that where the Commission brings an action and recovers a sanction payment or disgorgement, it is obligated to deposit that money into a special fund that's within the U.S. Treasury. And it's from that fund that's in the SEC's control that whistleblower payments get made. And therefore in other, in other kind of actions where another agency pursues a disgorgement or sanction, that the SEC doesn't even have control over that money in order to make a payment. Or is that, is that correct or incorrect? Roughly correct. There's an investor, there's an investor protection fund from which the whistleblower awards are drawn. Not every sanction that we obtain goes directly into that. For example, some disgorgements can be actually reimbursed to investors. So it's, it's statutorily funded and set up by Congress, right? It's not that SEC money goes into this, but that, that is also true, Your Honor. The, the money that other agencies win in their sanctions doesn't go into that. And we don't have any control of that. So in this case, in this case, DOJ recovered substantial sums. And would the SEC be able to go to DOJ and say, we need to make this whistleblower payment because some, some of the information you relied on, though I understand the investigations were already ongoing, but some of the information that you were relied on obtaining this settlement, you were able to get because of the information obtained from Mr. Hong and therefore, you know, you need to make a payment to Mr. Hong. Is, is that possible? If we've made an award, we can, we cannot tell DOJ how, how it handles its sanctions. All of our whistleblower awards are drawn from that investor protection fund. We can't tell Congress or the DOJ how to fund that. Congress has decided how to fund that. So we make our commission award from the investor protection fund. But in addition, if we find that that award should be increased, it's still from the investor protection fund that was set up in Dodd Frank to fund the commission whistleblower awards. So if you, if you don't recover anything in an action, because you haven't brought an action, then you don't have funds traceable to the sanctions award from which to make a whistleblower payment. Is that correct? I think it's more correct to say that we, if we don't make, get sanctions in excess of a million dollars, we don't have permission to make an award from that fund as Congress set it up. I see. Thank you. If, if, if you do make a, get an award or get a, get a judgment from the SEC, make a modest award, and then the DOJ brings in action and there's a huge award. Am I right? That under the statute, the whistleblower payment for that related action, because it springboards from a covered action does come from the SEC's fund, even though they didn't control the litigation in the DOJ. It does come from the investor protection fund. It's a little bit inaccurate to call it the SEC money per se. It's the fund that Congress set up to fund these. But if we have a commission action that had at least a million dollars in sanctions, and so someone gets a relatively, you know, 10 to 30% of that, let's say a million dollars. And then DOJ brings a billion dollar case and the commission determines that it's a related action. We can, yes, then increase the amount of the awards that whistleblower based on that related action. And it does come from the investor protection fund. And what's the, if that's how Congress set it up, can you explain the rationale or the logic for Congress to say, we're going to let you recover for a related action brought by the DOJ if the SEC happens to formalize some sort of action or in your interpretation settlement prior to that. But if the SEC doesn't do its own settlement prior to that, then there's no whistleblower recovery for what happens in a different agency. I'm not entirely sure what Congress's intent was, why to structure it that way, other than it was incentivizing commission actions, right? So it was incentivizing people to come to the commission with actions that the commission would decide to bring. It wasn't necessarily funding a whistleblower program for every other federal agency like the SHFA or the DOJ. So it was trying to create incentives for whistleblowers to come to the SEC. And if the commission decides to bring an action, it couldn't give an award. And that could be multiplied or added on to with these other things. But why Congress didn't create other whistleblower incentives or make the SEC the general clearing house for whistleblower awards, I'm not entirely sure what Congress's intent was. I'm specifically trying to figure out the logic of having the whistleblower awards come from the investor protection fund when DOJ makes a recovery in a I'm just trying to figure out if there's some institutional reason why that makes sense that it can help me understand the statutory structure. I believe Congress wanted to have control of making sure the investor protection fund was funded as opposed to it coming directly from SEC sanctions, right? It's something that Congress funds and keeps funded as opposed to being drawn from money that was particularly pulled in from the SEC. And there might be a variety of least of which is one of the things that can count in the consideration are disgorgements. And those disgorgements don't necessarily come right back to the SEC, they might be distributed elsewhere. So Congress had to have a separate mechanism by which to ensure that it was funded. So it wasn't just entirely self-funded by the commission. But still, that seems to create an incentive for the agency to protect the treasury. And if it gets tips to hand them off to another agency, if there's a possible basis for the DOJ to pursue, it protects your own both financial as well as human resources. And that seems at odds with the overall interest of Congress as expressed in the statute of encouraging whistleblowers to come forward at potentially substantial costs to themselves. Why does that make sense? That is what Congress has given us, right? It has given us a tool where we have to bring the action. And to be clear, we're not shy about giving whistleblower awards. As the most recent press release about whistleblower awards states, we've given over $1.2 billion in whistleblower awards in the past 10 years since the program started to over 240 different whistleblowers. So the commission values whistleblowers and we do make whistleblower awards. But Congress has set it up such that if we don't bring an action, we can't give an award. You've just said that it doesn't require that you bring an action because the SEC has interpreted it to allow for something short of bringing an action if you secure a settlement informally without ever bringing an action. I should have spoken more technically, which is that we have to bring a covered action, a judicial administrative action under the securities laws that brings in a million dollars, right? And those are not necessarily a single action. We've acknowledged that it's not necessarily a single captioned action, but the exception to that, except for what we brought was very, very narrow to those very rare circumstances where there was a procedural vehicle used, right? A deferred prosecution agreement, a non-prosecution agreement that only precludes that captioned action being brought because of kind of the peculiarities of how typically the DOJ handles certain prosecutions and certain enforcement actions. But here, we can't get around the fact that the commission simply did not have the authority to make a whistleblower award because as Congress wrote it, there was no covered action brought by the commission. So again, to make a follow-up on what you're just referring to, a settlement is procured, but procured by the commission, just a step shy of the commission itself bringing a formal action. And it was that circumstance that the rulemaking was intended to address to not leave that whistleblower uncompensated. Is that right? It was mostly intended to address non-prosecution and deferred prosecution agreements by the DOJ. We can't preclude that it is potentially possible that the SEC could do something similar to an NDA or a DPA, although traditionally we don't do that. The SEC brings civil actions and settles them simultaneously. So it was a rare instance, right? Because it was mostly motivated by concern about how DOJ was handling some of its prosecutions. I'm sorry to keep you longer, but I'm a little confused because you said it was meant to handle non-prosecution or deferred prosecution agreements brought by the DOJ. So the SEC wasn't bringing anything in those circumstances. Well, the rule was primarily intended to address those DOJ circumstances, right? That would still mean that would be a related action. We would still have to bring our own covered action to which that NDA was related, right? Where the deferred prosecution agreement was related. So there'd still have to be a commission covered action, right? In order to take into account that DOJ NDA or deferred prosecution. All right, we've kept you well past your time. Thank you very much for your argument. We'll hear from Mr. Brown. Thank you, your honors. Just a couple of brief points in rebuttal. The commission has tried to sign it just to certain types of activities by the DOJ. However, that's not even what the adopted regulation says. The adopted regulation extends also to informal settlement agreements entered by the SEC, which would be something undertaken by the SEC and not just the DOJ. We don't know here whether what the commission did is functionally indistinguishable from an informal settlement agreement. We don't have anything in the record about what the SEC did, what action they took. We just have its categorization in the final order under review as not covered. And I want to bring back as a final point, just to the intent in Congress in setting up the whistleblower provisions. The commission's interpretation here would allow circumvention of the mandatory minimum provisions, which was very important to Congress in designing the incentive program. The mandatory minimums were designed in order to incentivize people to come forward with a predictable payout. If you had information about securities law violations, you could come forward to the commission, you would become eligible for an award. There were solicitations from the residential mortgage-backed securities group, which involves several enforcement agencies saying that if you come forward to the commission and help these agencies in pursuing securities law violations, and the federal government is successful, then you could be eligible for an award from the commission. In the securities violations space, is there any other whistleblower program that provides whistleblower incentives for people who are in the FHFA or something like that? There are other whistleblower provisions, but this one was advertised and utilized by a petitioner. He submitted his tip originally following the commission's procedures, his TCR, tip complaint referral form to the commission. It's the most appropriate one for him to report securities law violations the SEC is tasked with enforcing the securities laws. It contains a robust whistleblower program that includes mandatory minimums with a predictable payout. This is the program that petitioner from the very start elected to pursue. And the language action is significantly ambiguous to cover items such as enforcement actions such as this one, where the commission does something. We're not sure exactly the scope of the coordination, but Congress certainly intended that whistleblowers could recover for actions beyond just formal judicial or administrative proceedings brought by the commission that exceeds a million dollars. It also envisions recovery for related actions. And importantly, regardless of the procedural vehicle, it was designed to encourage people with information about securities law violations to come forward to the commission. So for the program to work as intended by Congress, petitioner submits that he should be eligible, deemed eligible for an award. All right. Thank you very much. Thank you for your arguments. We'll reserve decision.